**GUTTILLA MURPHY ANDERSON**
**Ryan W. Anderson** (Ariz. No. 020974)
5415 E. High St., Suite 200
Phoenix, Arizona 85054
Email: randerson@gamlaw.com
Phone: (480) 304-8300
Fax: (480) 304-8301

Attorneys for Dina L. Anderson, Chapter 7 Trustee

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>Kristen A. Newlon,<br><br>                Debtor.<br>_____<br><br>Dina L. Anderson, Chapter 7 Trustee,<br><br>                Plaintiff.<br><br>v.<br><br>Kristen A. Newlon, a single woman; Todd Reynolds, a single man; and John and Jane Doe,<br><br>                Defendants. | Chapter 7<br><br>Case No. 2:20-bk-08286-BKM<br><br>Adv. No. _____<br><br>**COMPLAINT FOR CONVERSION OF ESTATE PROPERTY, NEGLIGENT PROTECTION OF ESTATE PROPERTY, PUNATIVE DAMAGES AND FOR DENIAL OF DISCHARGE** |

Plaintiff Dina L. Anderson, as Chapter 7 Trustee of the above captioned bankruptcy estate ("Plaintiff" or "Trustee"), alleges against Defendants Kristen A. Newlon ("Newlon"), Todd Reynolds ("Reynolds") and John and Jane Doe (collectively, the "Defendants"), as follows:

I.    <u>PARTIES</u>

1. The Plaintiff is Dina L. Anderson, Chapter 7 Trustee in the above referenced bankruptcy matter under which this adversary proceeding arises. Plaintiff brings this action in her capacity as the duly appointed and authorized estate representative of Kristen A.

Newlon in the above captioned Chapter 7 proceeding (the "Estate"), pursuant to 11 U.S.C. § 323.

2. Kristen A. Newlon filed a voluntary Chapter 7 Petition on July 16, 2020 (the "Petition Date"), in the United States Bankruptcy Court for the District of Arizona.

3. Defendant Newlon is the Debtor in this Chapter 7 case and at all time periods relevant hereto resided at 7914 W. Frank Avenue, Peoria Arizona located in Maricopa County, Arizona.

4. Defendant Reynolds is the boyfriend of the Debtor in this Chapter 7 case and at all time periods relevant hereto resided at 7914 W. Frank Avenue, Peoria Arizona located in Maricopa County, Arizona.

5. Defendants John and Jane Doe at all time periods relevant hereto resided at 2716 W. Robin Lane, Phoenix Arizona located in Maricopa County, Arizona.

6. At all times material herein, the Debtor, Defendant Reynolds and Defendants Jane and John Doe were involved in and/or committed acts and/or omissions giving rise to the transactions which are the subject of this Complaint.

7. Those Defendants identified as John and Jane Doe are unknown individuals or entities who may somehow be liable to the Estate for the acts, omissions and liabilities alleged herein. Upon such time as the true identities and liabilities of said Defendants become known, the Plaintiff hereby seeks leave of Court to amend the Complaint to reflect the same.

## II. JURISDICTION AND VENUE

8. This adversary proceeding is brought in connection with the above-captioned bankruptcy case pending under Chapter 7 of Title 11, United States Code.

9. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and 11 U.S.C. § 105.

10. This adversary proceeding is a "core" proceeding pursuant to 28 U.S.C. § 157(b).

11. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

12. Plaintiff is the duly appointed Chapter 7 Trustee herein.

13. Pursuant to Fed. R. Bankr. P. 7001, an adversary proceeding is the appropriate vehicle by which a bankruptcy trustee may seek recovery of money or property, or to obtain an injunction or other equitable relief. *See* Fed. R. Bankr. P. 7001(1), (7).

14. The Plaintiff, as Trustee, is permitted to bring this adversary proceeding on behalf of the Estate pursuant to 11 U.S.C. § 323(b) and Fed. R. Bankr. P. 6009.

### III. GENERAL ALLEGATIONS

15. Debtor filed a Voluntary Chapter 7 Petition on July 16, 2020.

16. In response to the Trustee's request for information related to the Debtor's assets and liabilities, the Debtor disclosed ownership of a 1999 Harley Davidson FXSTS Cruiser ("Harley Davidson" or "Vehicle").

17. The Debtor informed the Trustee that the Harley Davidson was in "Good" condition. [See Exhibit "A"].

18. During the Debtor's 341 testimony, when asked by the Trustee about the ownership of the Harley Davidson and the lien, the Debtor testified that she owns the Harley Davidson and as long as she pays on the lien to Defendant Reynolds she can "ride" the Harley Davidson.

19. The Debtor testified that Defendant Reynolds was her "boyfriend" and lived with her at the Frank Avenue address.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

20. After the Trustee completed her 341 examination, the Trustee determined that the lien in favor of Defendant Reynolds was an avoidable lien.

21. Meanwhile, on August 25, 2020, the Trustee instituted an adversary proceeding against Defendant Reynolds to avoid his lien against the Harley Davidson as a preferential transfer pursuant to 11 U.S.C. § 547.

22. After service of the Trustee's Complaint in the Adversary action, Defendant Reynolds contacted the undersigned and agreed to Stipulate to avoid his lien. When the Trustee caused a Stipulation to be sent to Defendant Reynolds for his review and consideration, he failed to respond.

23. On September 29, 2020, the Trustee filed her Application for Entry of Default against Defendant Reynolds. On September 30, 2020, Default was entered against Defendant Reynolds.

24. On September 30, 2020, the Trustee filed her Motion for Default Judgment against Defendant Reynolds.

25. On September 9, 2020, the Trustee filed her Application to Employ Cunningham & Associates, Inc. ("Cunningham Auctions") setting forth that the Trustee intended to recover, store and liquate the Harley Davidson.

26. Upon information and belief, on the Petition Date, the Harley Davidson was in good working condition as the Debtor represented to the Trustee.

27. On September 22, 2020, Cunningham Auctions' representatives arranged for pickup of the Harley Davidson. Curiously, Debtor indicated that the Harley Davidson was located at 2716 W. Robin Lane, Phoenix, AZ 85027 more than 9 miles from the Debtor's residence. Moreover, the Debtor instructed Cunningham Auctions to pick up the Harley Davidson from 2716 W. Robin Lane and it would be located in the carport.

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

28. When Cunningham Auctions arrived, they discovered the Harley Davidson had been intentionally stripped of all of its parts. [See Exhibit "B"]

29. Currently, the Vehicle remains in the possession of Cunningham Auctions.

30. Upon information and belief, the Harley Davidson which had a liquidation value of at least $6,000 is now worth $500.

## IV. COUNT ONE
### CONVERSION OF PROPERTY AND DAMAGES
### (All Defendants)

31. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

32. Defendants wrongfully exercised dominion or control or have wrongfully interfered with Plaintiff's ownership or right of possession in the Vehicle.

33. Defendants have no lawful claim to the Vehicle and their control over and damage inflicted upon the Vehicle and any pieces or parts removed from the Vehicle has reduced the value of the Vehicle to a nominal amount and seriously interfered with Plaintiff's rights to those assets.

34. The Vehicle is property of the bankruptcy estate.

35. Despite demand from the Plaintiff, the Defendants refused to return such assets to the Plaintiff in normal and working order, or altogether.

36. As a direct and proximate result of the Defendants' wrongful acts, the Plaintiff has been damaged. The Plaintiff now sues to recover for such damages in an amount to be proven at trial.

/ /

/ /

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

## V. COUNT TWO
### NEGLIGENT PROTECTION OF BANKRUPTCY ESTATE PROPERTY
### (All Defendants)

37. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

38. The Defendants owed a duty of care to bankruptcy estate property in its possession or control.

39. The Defendants failed to exercise reasonable and prudent care over the Vehicle while in its possession or control.

40. As a direct and proximate result of Defendants' failure to exercise reasonable care over the Vehicle, the Plaintiff has incurred damages in an amount to be proven at trial.

## VI. COUNT THREE
### PUNITIVE DAMAGES
### (All Defendants)

41. Plaintiff realleges and incorporates herein all preceding allegations of this Complaint.

42. The Defendants acted in a gross and egregious manner by inflicting intentional damage upon the Vehicle.

43. Based on Defendants' gross and egregious acts, the Plaintiff suffered damages.

## VII. COUNT FOUR
### (DENIAL OF DISCHARGE)
### (Defendant Newlon)

44. Plaintiff incorporates by reference all of the allegations contained in the preceding paragraphs as more fully set forth herein.

45. Pursuant to 11 U.S.C. § 727(a)(2)(B), the Court shall not grant the debtor's discharge where the debtor has destroyed or mutilated property of the Debtor or

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300

Bankruptcy Estate.

46. The debtor, Defendant Newlon, caused the Vehicle to be destroyed and mutilated.

47. Pursuant to 11 U.S.C. § 727(d)(3), the Court may deny the the debtor's discharge where the debtor committed an act specified in subsection (a)(6).

48. The Trustee seeks denial of Defendant Newlon's discharge pursuant to 11 U.S.C. § 727(d)(3) for the Defendant's destruction of the Vehicle.

WHEREFORE, Plaintiff respectfully requests judgment as follows:

A. Awarding Plaintiff its actual damages sustained as a result of Defendants' unlawful conduct, in an amount to be proved at trial, plus prejudgment and post-judgment interest thereon at the legal rate until paid in full;

B. Awarding Plaintiff punitive damages;

C. Awarding Plaintiff its reasonable attorneys' fees and expenses accrued and accruing herein, plus interest thereon at the legal rate from the date judgment is entered until paid in full;

D. Awarding Plaintiff its costs accrued and accruing herein, plus interest thereon, at the legal rate from the date judgment is entered until paid in full;

E. Denying Debtor her bankruptcy discharge pursuant to 11 U.S.C. § 727(d)(3); and

F. For such other and further relief as the Court deems just and proper.

DATED this 12th day of November 2020.

                GUTTILLA MURPHY ANDERSON

                */s/ Ryan W. Anderson*
                Ryan W. Anderson
                Attorneys for the Trustee

Guttilla Murphy Anderson, P.C.
5415 E. High Street, Suite 200
Phoenix, AZ 85054
(480) 304-8300